UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEROY DAVIS,

        Petitioner,         Case Number: 2:10-CV-12953

v.         HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS AS MOOT

This is a habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner Michael Leroy Davis was convicted in Macomb County Circuit Court of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. In his habeas petition, he claims that his custodial statement was improperly admitted, trial counsel was ineffective, and identification testimony should have been suppressed. Now before the Court is Respondent's "Suggestion of Death" notification, in which Respondent asserts that the case had been rendered moot by Petitioner's death on June 21, 2011.

Respondent has submitted Petitioner's offender profile from the Michigan Department of Corrections Offender Tracking Information System ("OTIS"), which shows that Petitioner has been discharged from custody due to death. A prisoner's death during the pendency of his habeas petition renders his habeas action moot. *See Claiborne*

v. *United States*, 551 U.S. 87 (2007) (per curiam opinion vacating circuit court judgment as moot due to death of petitioner); *McMann v. Ross*, 396 U.S. 118 (1969); *Beach v. Humphries*, 914 F.2d 1494 (table), 1990 WL 140574, *1 (6th Cir. Sept. 21, 1990); *accord Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *McMillin v. Bowersox*, 102 F.3d 987 (8th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). Because Petitioner has died, the Court concludes that his habeas claims and this case have been rendered moot.

Accordingly, the Court DISMISSES as moot the petition for a writ of habeas corpus. The Court also DENIES a certificate of appealability as jurists of reason could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This case is closed.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 4-6-12